UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLA W. HORN,<br><br>    Plaintiff,<br><br>    v.<br><br>EXPERIS US, INC., A MANPOWER BRAND COMPANY,<br><br>    Defendant. | No. 2:20-cv-00212-JAM-CKD (PS)<br><br><br>ORDER |

Before the court is plaintiff's motion to remand. (ECF No. 4.) Defendant filed an opposition and a request that the court take judicial notice of several documents. (ECF No. 9.) Upon considering the motion and relevant documents, the court finds as follows:

**I.  BACKGROUND**

On or about December 11, 2019, plaintiff filed suit against her employer, Eperis US, Inc., in the Superior Court of the State of California, Sacramento County, alleging breach of contract, unlawful discrimination, and other state-law claims. (ECF No. 1 ¶ 2.) One day prior, on December 10, 2019, plaintiff attempted to serve defendant's registered agent for service of process—CT Corporation, Inc.—by mailing the summons, complaint, and other documents to the registered agent's address in Los Angeles, California. (ECF No. 4 ¶ 1.) Plaintiff then attempted to serve defendant a second time, in the same manner, on December 20, 2019. (Id. ¶ 6.) Plaintiff

1 repeated the service attempt a third time on January 10, 2020.  (Id. ¶ 8.)

2     Defendant contends that none of these service attempts effected valid service against it.
3 (ECF No. 9 at 4.)  Nevertheless, defendant became aware of plaintiff's suit.  Rather than
4 "inform[ing] plaintiff of this error" or "forc[ing] the issue by ignoring the unserved complaint,"
5 plaintiff voluntarily appeared by filing an answer in the state court action on January 28, 2020.
6 (Id. at 2:9-15.)  The day after filing an answer, defendant filed a notice of removal to remove the
7 action to this court on the basis of diversity jurisdiction.  (ECF No. 1.)  Plaintiff timely filed a
8 motion to remand on February 18, 2020.  (ECF No. 4.)

9 **II.    DISCUSSION**

10     Plaintiff moves to remand this action on the grounds that (1) the court lacks original
11 jurisdiction; and (2) removal was untimely.  Defendant disputes both grounds, and in doing so,
12 asks the court to take judicial notice of several documents.  The court addresses defendant's
13 request for judicial notice first.

14     A.    <u>Request for Judicial Notice</u>

15     Defendant asks the court to take judicial notice of two judicial orders and one court filing
16 in the matter <u>Horn v. Experis US Inc.</u>, No. 2:17-CV-0814-JAM-DB, 2019 WL 4955189, at *1
17 (E.D. Cal. Oct. 8, 2019), which involved the same parties and addressed the issue of defendant's
18 citizenship for purposes of diversity jurisdiction.  (ECF No. 9-2.)  Plaintiff has not opposed
19 defendant's request.

20     Under Federal Rule of Evidence 201, a district court may take judicial notice of a fact that
21 is "not subject to reasonable dispute because it can be accurately and readily determined from
22 sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  A court may
23 therefore take judicial notice of court filings and other matters of public record.  <u>Reyn's Pasta</u>
24 <u>Bella LLC v. Visa USA, Inc.</u>, 442 F.3d 741, 746 n.6 (9th Cir. 2006); <u>see also Papai v. Harbor Tug</u>
25 <u>& Barge Co.</u>, 67 F.3d 203, 207, n.5 (9th Cir. 1995), <u>rev'd on other grounds</u>, 520 U.S. 548 (1997)
26 ("Judicial notice is properly taken of orders and decisions made by other courts and
27 administrative agencies.")

28     Because defendant seeks judicial notice of documents that are matters of public record and

1  the request is unopposed, the court grants defendant's request.

2        B.     <u>Jurisdiction</u>

3       A defendant may remove any civil action from state court to federal district court if the
4  district court has original jurisdiction over the matter.  28 U.S.C. § 1441(a).  Generally, district
5  courts have original jurisdiction over civil actions in two instances: (1) where there is complete
6  diversity between the parties, or (2) where a federal question is presented in an action arising
7  under the Constitution, federal law, or treaty.  28 U.S.C. §§ 1331, 1332.

8       Defendant removed this action on the basis of diversity jurisdiction.  Diversity jurisdiction
9  exists when (1) the plaintiff and the defendant are citizens of different states, and (2) the amount
10  in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C.
11  § 1332(a); <u>Exxon Mobil Corp. v. Allapattah Servs., Inc.</u>, 545 U.S. 546, 553 (2005).  In this case,
12  plaintiff only challenges the first element—whether complete diversity of citizenship exists.  The
13  parties agree that plaintiff is a citizen of the State of California.  (ECF No. 4 at 2:10-11).  But they
14  dispute defendant's citizenship.  Plaintiff argues that defendant is also a California citizen, (<u>id.</u>),
15  whereas defendant contends that it is a citizen of the State of Wisconsin.  (ECF No. 9 at 6:2-6.)

16       Under the federal diversity jurisdiction statute, "a corporation shall be deemed to be a
17  citizen of any State by which it has been incorporated and of the State where it has its principal
18  place of business."  28 U.S.C. § 1332(c)(1); <u>Hertz Corp. v. Friend</u>, 559 U.S. 77, 80 (2010).  The
19  term "principal place of business" refers to "the place where a corporation's officers direct,
20  control, and coordinate the corporation's activities."  <u>Hertz</u>, 559 U.S. at 92–93.  In practice, "it
21  should normally be the place where the corporation maintains its headquarters—provided that the
22  headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,'
23  and not simply an office where the corporation holds its board meetings (for example, attended by
24  directors and officers who have traveled there for the occasion)."  <u>Id.</u> at 93.

25       Applying this standard, the court finds that that defendant is a citizen of the State of
26  Wisconsin.  Records from the California Secretary of State indicate that defendant is incorporated
27  under the laws of the State of Wisconsin.  (ECF No 9-2 at 37.)  In addition, defendant submits the
28  sworn declaration of its senior attorney, Stephen Miller, establishing that defendant is a

Wisconsin corporation with its headquarters and principal place of business located in Wisconsin. (Id. at 35 ¶ 1-2.) Mr. Miller avers that, as of at least June 10, 2019, defendant's "top executives and decision makers were based in Wisconsin, and the corporation's activities were directed out of Wisconsin." (Id.) Plaintiff does not submit any opposing evidence. Accordingly, defendant has shown that it is a citizen of the State of Wisconsin.

Because plaintiff and defendant are citizens of different states, complete diversity of citizenship exists for purposes of jurisdiction under 28 U.S.C. section 1332(a)(1). The court declines to remand this action on the basis that it lacks jurisdiction.

### C. Timely Removal

Plaintiff also seeks to remand this action on the basis that defendant's removal was untimely. A defendant generally has thirty days from the date it is served with process to remove an action to federal court. 28 U.S.C. § 1446(b); Destfino v. Reiswig, 630 F.3d 952, 956 (9th Cir. 2011). The thirty-day period begins to run when formal service of process is completed on the defendant in accordance with state law. See Murphy Bros. v. Mitchetti Pipe Stringing, Inc., 526 U.S. 344, 354 (1999).

Plaintiff attempted to serve defendant by mail at least twice.[1] Plaintiff contends that service of process was first completed on December 12, 2019, and then again on December 26, 2019. (ECF No. 4 ¶¶ 1, 6.) Defendant filed its notice of removal on January 29, 2020, which—according to plaintiff—means that defendant failed to remove within thirty-days of service under either service date. (ECF No. 1.)

Defendant argues that both of plaintiff's service attempts were defective, and that the thirty-day removal period did not begin to run until it voluntarily appeared in the state court action on January 28, 2020. Specifically, defendant contends that plaintiff failed to follow the service requirements of California Code of Civil Procedure section 415.30 which establishes the procedure for serving process by mail within the State of California.

---

[1] Plaintiff alleges that she made a third attempt to serve defendant on January 10, 2020. (ECF No. 4 at ¶ 8.) Because the record contains no evidence of this attempt, and defendant's removal would be timely under a January 20, 2020 service date, the court does not address the third attempt.

In general, there are two ways to serve process by mail under California law. Cal. Civ. Proc. Code §§ 415.30, 415.30. Section 415.30 may be used to deliver process to an address located inside or outside of the State of California. See id. § 415.30 cmt. Whereas section 415.40 may only be used to deliver process to an address located outside of the State of California. See id. § 415.40 cmt.

Here, plaintiff attempted to serve defendant's registered agent for service of process at an address located within the State of California. Plaintiff was therefore required to follow the procedure set forth in section 415.30.

Under section 415.30(a), a plaintiff must mail (by first-class mail or airmail, postage prepaid) a "copy of the summons and of the complaint . . . to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender." Cal. Civ. Proc. Code § 415.30(a). Service under this section is deemed complete on the date the written acknowledgment of receipt of summons is executed. Id. § 415.30(c). If the addressed party fails to execute and return the acknowledgment, then "there is no effective service, he merely becomes liable for the reasonable expenses of service in a more conventional manner." Thierfeldt v. Marin Hosp. Dist., 35 Cal. App. 3d 186, 199 (Ct. App. 1973); Cal. Civ. Proc. Code § 415.30(d).

Here, there is no evidence that defendant executed and returned the acknowledgment form required by section 415.30. To the contrary, the evidence indicates that plaintiff failed to serve defendant with the required acknowledgment forms. The record includes two "Proof of Service of Summons," which provide an index of the documents mailed to defendant during each service attempt. (ECF No. 4 at 10; ECF No. 9-1 at 8.) The acknowledgment forms are not included in either index. Id. Accordingly, neither of plaintiff's service attempts were effective under section 415.30. See Bachilla v. Pac. Bell Tel. Co., No. 07-CV-739-RRB-KJM, 2007 WL 2765689, at *3 (E.D. Cal. Sept. 19, 2007) ("Plaintiffs failed to offer proof that the written acknowledgement of service regarding the initial pleadings was returned [and thus plaintiffs] did not prove that service was properly effected under § 415.30.")

Because plaintiff never effected valid service on defendant, defendant's thirty-day period

to remove this action did not begin to run until January 28, 2020, when it voluntarily filed an answer in state court. Defendant filed a notice of removal one day later, and thus its removal was timely.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's request for judicial notice (ECF No. 9-2) is GRANTED; and
2. Plaintiff's motion to remand (ECF No. 4) is DENIED.

Dated: June 18, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

17.212.remand