UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLA W. HORN, | No. 2:20-cv-00212-JAM-CKD (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| EXPERIS US, INC., A MANPOWER BRAND COMPANY, | |
| Defendant. | |

Before the court is defendant's motion for judgment on the pleadings and request for judicial notice. ECF No. 19. Plaintiff filed an opposition. ECF No. 23. Defendant filed a reply. ECF No. 24. Upon considering the motion and relevant documents, the court finds as follows:

**I.   BACKGROUND**

Defendant Experis US, Inc. is a staffing company that allegedly placed plaintiff in a Project Manager position with its client CRC Health Group in June 2015. In early July 2015, plaintiff was terminated from her assignment with CRC Health. Defendant alleges plaintiff was terminated because she was found to have lacked the skills required to perform the Project Manager job successfully. Plaintiff alleges she was terminated as a result of discrimination. The CRC Health position was the last assignment plaintiff had with defendant.

On or about April 17, 2017, plaintiff filed a lawsuit against defendant in the Eastern District of California, styled Ella W. Horn v. Experis US Inc., a Manpower Brand Company,

1

Cause No. 2:17-cv-00814 ("Horn I").  In the complaint in Horn I, plaintiff alleged multiple claims, including race discrimination in violation of Title VII of the Civil Rights Act of 1964, race discrimination in violation of the California Fair Employment and Housing Act, wrongful termination, and negligent infliction of emotional distress.

On or about October 7, 2019, the court granted defendant's motion for summary judgment, finally adjudicating plaintiff's claims in Horn I on the merits.  Plaintiff appealed the district court's ruling in Horn I, but her appeal was dismissed as being untimely.  Her attempts to remedy the defect in her appeal were also dismissed.

On or about December 11, 2019, plaintiff filed the instant suit against defendant in the Superior Court of the State of California, Sacramento County, asserting many of the same claims asserted in Horn I, as well as several new claims, such as breach of contract, unfair business practices, and other state-law claims (Horn II).  ECF No. 1.  Defendant timely removed the action to this court.

Defendant then filed a motion for judgment on the pleadings, asking this court to dismiss plaintiff's claims in their entirety, because they are barred by the doctrine of res judicata and the applicable statutes of limitations.

## II. LEGAL STANDARD

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) "challenges the legal sufficiency of the opposing party's pleadings and operates in much the same manner as a motion to dismiss under Rule 12(b)(6)."  Morgan v. County of Yolo, 436 F.Supp.2d 1152, 1154-55 (E.D. Cal. 2006).  Analysis under Rule 12(c) is "substantially identical" to analysis under Rule 12(b)(6) because under both rules a court determines whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.  Chavez v. U.S., 683 F.3d 1102, 1108 (9th Cir. 2012).  Similar to a Rule 12(b)(6) motion to dismiss, when addressing a motion for judgment on the pleadings, a court must assess whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Also similar to a Rule 12(b)(6) motion, the court may take into account materials to

which it can take judicial notice in addition to considering the allegations of the complaint. Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 981, n.18 (9th Cir. 1999).  In short, a motion for judgment on the pleadings may be granted if, after assessing the complaint and matters for which judicial notice is proper, it appears "beyond doubt that the [non-moving party] cannot prove any facts that would support his claim for relief." Morgan v. County of Yolo, 436 F.Supp.2d 1152, 1155 (E.D. Cal. 2006), aff'd, 277 Fed. Appx. 734 (9th Cir. 2008).

### III.   DISCUSSION

Defendant asks this court to enter judgment on the pleadings on the grounds that plaintiff's claims are barred by res judicata, or alternatively, the applicable statutes of limitations. To support its res judicata argument, defendant asks the court to take judicial notice of court filings from a prior suit between the parties.  The court will address the request for judicial notice and then discuss the merits of parties' arguments.

#### A.   Request for Judicial Notice

Defendant asks the court to take judicial notice of the complaint, the dismissal order, and the final judgment from the matter Horn v. Experis US Inc., No. 2:17-CV-0814-JAM-DB.  ECF No. 19-1.  A district court may take judicial notice of a fact that is "not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).  A court may therefore take judicial notice of court filings and other matters of public record. Reyn's Pasta Bella LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); see also Papai v. Harbor Tug & Barge Co., 67 F.3d 203, 207, n. 5 (9th Cir. 1995), rev'd on other grounds, 520 U.S. 548 (1997) ("Judicial notice is properly taken of orders and decisions made by other courts and administrative agencies.")

Generally, a court may not consider material beyond the complaint in ruling on a motion for judgment on the pleadings pursuant to Rule 12(c). Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). "However, '[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment,' as long as the facts noticed are not 'subject to reasonable dispute.'" Intri-Plex Technologies, Inc. v. Crest Grp., Inc., 499 F.3d 1048, 1052 (9th Cir. 2007) (quoting Lee, 250 F.3d at 689 (citation omitted).

Defendant asks the court to take judicial notice of three court filings, which are matters of public record. Accordingly, the court grants defendant's request for judicial notice.

B. <u>Res Judicata</u>

Defendant contents that judgment on the pleadings is appropriate because plaintiff's claims are barred under the doctrine of res judicata. The doctrine of res judicata protects "litigants from the burden of relitigating an identical issue" and promotes "judicial economy by preventing needless litigation." <u>Parklane Hosiery Co. v. Shore</u>, 439 U.S. 322, 326 (1979). It "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." <u>Owens v. Kaiser Found. Health Plan, Inc.</u>, 244 F.3d 708, 713 (9th Cir. 2001). Stated differently, the doctrine "bars any subsequent suit on claims that were raised or could have been raised in a prior action." <u>Cell Therapeutics, Inc. v. Lash Group, Inc.</u>, 586 F.3d 1204, 1212 (9th Cir. 2009); <u>see also Tahoe Sierra Preservation Council, Inc. v. Tahoe Reg. Planning Agency</u>, 322 F.3d 1064, 1078 (9th Cir. 2003) ("Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action."). Res judicata applies when there is (1) identity or privity between parties, (2) an identity of claims, and (3) a final judgment on the merits. <u>Tahoe-Sierra Preservation</u>, 322 F.3d at 1077. The court finds that all three elements are met here.

    i. <u>Privity between the parties</u>

Privity between the parties exists if "there is substantial identity between the parties, that is, when there is sufficient commonality of interest." <u>See Tahoe-Sierra Preservation</u>, 322 F.3d at 1082. Here, the parties in <u>Horn I</u> and <u>Horn II</u>—plaintiff Ella Horn and defendant Experis US Inc.—are identical. Thus, identity between the parties exists.

    ii. <u>Identity of claims</u>

The "central criterion" in determining whether there is an identity of claims between the first and second lawsuit is "whether the two suits arise out of the same transactional nucleus of facts." <u>Frank v. United Airlines, Inc.</u>, 216 F.3d 845, 851 (9th Cir. 2000). Two events are part of the same transaction or series of transactions where the claims share a factual foundation such that they could have been tried together. <u>W. Systems, Inc. v. Ulloa</u>, 958 F.2d 864, 871 (9th

1    Cir.1992). "Different theories supporting the same claim for relief must be brought in the initial

2    action." Id. "[T]he inquiry into the 'same transactional nucleus of facts' is essentially the same

3    as whether the claim could have been brought in the first action." United States v. Liquidators of

4    European Fed. Credit Bank, 630 F.3d 1139, 1151 (9th Cir.2011). "A plaintiff need not bring

5    every possible claim. But where claims arise from the same factual circumstances, a plaintiff

6    must bring all related claims together or forfeit the opportunity to bring any omitted claim in a

7    subsequent proceeding." Turtle Island Restoration Network v. U.S. Dep't of State, 673 F.3d 914,

8    918 (9th Cir. 2012).

9        Plaintiff's claims in Horn II arise out of the same transactional nucleus of facts as her

10   claims in Horn I. In both lawsuits, all of plaintiff's claims arise from her alleged employment

11   relationship with defendant during the summer of 2015. In Horn II, plaintiff raises many of the

12   same claims that she raised in Horn I, such as discrimination based on race and sex, wrongful

13   termination, retaliation, and negligent infliction of emotional distress. Although plaintiff raises

14   several new claims in Horn II, such as breach of contract and unfair business practices, each new

15   claim in Horn II could have been raised in Horn I. The facts that give rise to plaintiff's new

16   claims in Horn II are the same as those that gave rise to her claims in Horn I. Plaintiff could have

17   asserted in Horn I her breach of contract claim, unfair business practices claim, or any other claim

18   now asserted in Horn II. The operative facts are the same today as they were when plaintiff filed

19   her complaint in Horn I. Accordingly, an identify of claims exists between Horn I and Horn II.

20       iii.    Final judgment on the merits

21       On October 7, 2019, United States District Judge for the Eastern District of California

22   John A. Mendez signed an order adopting the magistrate judge's findings and recommendations,

23   and granting defendant's motion for summary judgment as to all of plaintiff's claims in Horn I.

24   ECF No. 19-5. On October 8, 2019, judgment was entered in favor of defendant and against

25   plaintiff. ECF No. 19-6. Each of plaintiff's claims in Horn I were adjudicated on the merits, and

26   the court entered final judgment on them.[1] The requirement that the prior action result in a final

27   ───────────────

28   [1] During oral argument, plaintiff argued that there were still unresolved matters in Horn I that prevented res judicata from applying in this case. But a review of the records in Horn I shows

judgment on the merits is therefore satisfied.

The pleadings, in conjunction with documents properly subject to judicial notice, establish that each of the elements of res judicata are met. Defendant is therefore entitled judgment on the pleadings in accordance with Rule 12(c). Because the court finds that defendant's motion should be granted on res judicata grounds, it does not reach defendant's argument regarding the statutes of limitations.

**IV.   CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion for judgment on the pleadings (ECF No. 19) be granted;
2. Judgment be entered in favor of defendant; and
3. The clerk of court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 21, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

17.212.mjotp

---

that all of plaintiff's claims were finally adjudicated by the district court, and that the case was marked as closed on October 8, 2019. To the extent plaintiff believes there were unresolved motions or requests pending in Horn I at the time the district court entered judgment for defendant, those motions or requests did not preclude the district court from disposing of plaintiff's claims. Thus, plaintiff's argument is unavailing.